*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *DEBBIE BOWMAN,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Civil No. 09-161-B-W* |
| | ) | |
| *MICHAEL J. ASTRUE,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

*REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI")
appeal raises the question of whether the commissioner supportably found that the plaintiff had
no severe impairment or combination of impairments, despite her allegations of disability
resulting from an affective disorder, anxiety, obesity, and status post hysterectomy and bilateral
salpingo oophorectomy.  I recommend that the decision of the commissioner be vacated and the
case remanded for further development.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101
(incorporating 20 C.F.R. §§ 404.1520, 416.920); *Goodermote v. Secretary of Health & Human
Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the
plaintiff had medically-determinable impairments of affective disorder, anxiety disorder, obesity,
and status post total abdominal hysterectomy and bilateral salpingo oophorectomy, Finding 3,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3).  The commissioner has admitted that the
plaintiff has exhausted her administrative remedies.  The case is presented as a request for judicial review by this
court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific
errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available
at the Clerk's Office.  Oral argument was held before me on December 17, 2009, pursuant to Local Rule
16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant
statutes, regulations, case authority, and page references to the administrative record.

Record at 11, that she had no impairment or combination of impairments that had significantly limited, or was expected to significantly limit, her ability to perform basic work-related activities for 12 consecutive months and therefore had no severe impairment or combination of impairments, Finding 4, *id.*; and that she, therefore, had not been under a disability from October 1, 2005 (her amended alleged onset date of disability), through the date of the decision (December 1, 2008), Finding 5, *id.* at 17.[2]   The Decision Review Board failed to review the decision within 90 days, making it the final determination of the commissioner, *id.* at 5; 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).   In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at this step, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986).   When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work

---

[2] The plaintiff is insured for purposes of SSD benefits through December 31, 2011.  *See* Finding 1, Record at 10.

even if the individual's age, education, or work experience were specifically considered." *Id.* at

1124 (quoting Social Security Ruling 85-28).

## I. Discussion

The plaintiff argues that the administrative law judge (i) made critical errors in his Step 2

analysis of her mental disorders by failing to properly analyze the opinions of her treating

psychiatrist, Paul Minot, M.D., impermissibly interpreting raw medical evidence without the

assistance of a medical expert, and providing no substantiation for his special psychiatric review

technique findings, and (ii) supplied an inadequate explanation for rejecting the finding of

Disability Determination Services ("DDS") consultant Lewis F. Lester, Ph.D., that she had a

severe mental impairment and failed to consider whether the Lester opinion, at the least,

supported a finding of severity for a so-called "closed period" of disability.   *See* Plaintiff's

Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 13) at 3-10.[3]

Even assuming *arguendo* that the administrative law judge supportably rejected the

opinions of Drs. Minot and Lester, I conclude, and recommend that the court find, that reversal

and remand are warranted.   In disavowing reliance on both the plaintiff's treating psychiatrist

and the DDS consultant, the administrative law judge necessarily interpreted the raw medical

evidence in determining that the plaintiff's mental health impairments imposed no more than a

minimal effect on her ability to work.   The record in this case did not permit a layperson to draw

such a conclusion.[4]

---

[3] "In a 'closed period' case, the decision maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision." *Shepherd v. Apfel*, 184 F.3d 1196, 1199 n.2 (10th Cir. 1999) (citation and internal quotation marks omitted).

[4] My recommended decision obviates the need to address the administrative law judge's asserted error in failing to consider whether the plaintiff's mental impairments were severe for a so-called "closed period" spanning the time period referenced in the Lester opinion.  *See* Statement of Errors at 9-10.

The administrative law judge concluded, using the commissioner's special psychiatric review technique, that the plaintiff's psychiatric disorders imposed only mild restrictions in her activities of daily living, mild difficulties in maintaining social functioning, and mild limitations in maintaining concentration, persistence, or pace, and that she had demonstrated no episodes of decompensation in a work or work-like setting.  *See* Record at 17; *see also* 20 C.F.R. §§ 404.1520a, 416.920a ("special technique" must be used in assessment of mental impairments, requiring, *inter alia*, assessment of the severity of the impairment on the basis of rating of the degree of limitation in four broad functional areas).  Such ratings indicate that a mental impairment is non-severe.  *See, e.g.*, 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

As the plaintiff correctly observes, *see* Statement of Errors at 8, this conclusion was not buttressed by any expert opinion of record.  In a Psychiatric Review Technique Form ("PRTF") dated May 18, 2007, Dr. Lester concluded, based on a review of then-available records, including those reflecting treatment by Dr. Minot prior thereto, that the plaintiff suffered from severe mental impairments, imposing moderate difficulties in maintaining social functioning and concentration, persistence, or pace, as well as only mild restriction of activities of daily living and no episodes of decompensation.  *See* Record at 479, 489.  In a mental residual functional capacity ("RFC") assessment dated June 23, 2008, Dr. Minot indicated that the plaintiff's mental impairments markedly limited, or effectively precluded, a number of work-related qualities, including the ability to remember locations and work-like procedures, the ability to understand and remember detailed instructions, the ability to maintain attention and concentration sufficient to perform work tasks through an eight-hour work day, and the ability to work in coordination with or proximity to others without being distracted by them.  *See id*. at 634-35.  In a post-hearing submission, Dr. Minot reaffirmed that opinion.  *See id*. at 645.

The only other expert opinion of record bearing on the plaintiff's psychiatric impairments was that of Peter B. Webber, M.D., an internist who served as an impartial medical expert at her hearing.  *See id*. at 8, 21.  With respect to those impairments, Dr. Webber testified:

> The notes seem to vary significantly.  Dr. Min[o]t's own notes seem to stray all over the place.  Often times, it certainly doesn't sound very severe, and – by reading his notes, but there again he comes up with an entry into the record saying that he doesn't think she can function. . . .  So I think with all her complaints, that she does have some reduction in her abilities.  I don't think or feel comfortable utilizing a listing per se however.

*Id*. at 48.[5]  Later, when asked by the plaintiff's counsel whether, if one credited Dr. Minot's RFC opinion, the plaintiff's condition met one of the Listings, Dr. Webber stated: "I don't know, but what we're talking is a long timeframe again. . . .  I mean, I have no reason to argue [with] what he [Dr. Minot] says, I just don't know if – he doesn't indicate that this is a consistent finding for throughout her care or not, so I don't know how to answer that really."  *Id*. at 54.

While Dr. Webber expressed doubt whether the plaintiff's impairments met a Listing, his testimony cannot fairly be construed to stand for the proposition that her mental impairments were non-severe.  To the contrary, he testified that, "with all her complaints, . . . she does have some reduction in her abilities."  *Id*. at 48.

In view of the plaintiff's ongoing history of psychiatric treatment from her amended alleged date of onset through the date of hearing, and her periodic complaints of flare-up in anxiety and/or depression, *see, e.g., id*. at 415, 418-20, 519, 603, the administrative law judge was not qualified, as a layperson, to judge for purposes of Step 2 that her mental impairments imposed only mild restrictions and therefore were non-severe, *see, e.g., Gordils v. Secretary of*

---

[5] If a claimant's impairment or combination of impairments meets or equals the specific criteria of impairments listed in Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), he or she is deemed disabled.  *See, e.g., Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000) ("If the claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience.").

*Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (Although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record."); *Stanwood v. Bowen*, 643 F. Supp. 990, 991 (D. Me. 1986) ("Medical factors alone may be used only to screen out applicants whose impairments are so minimal that, as a matter of common sense, they are clearly not disabled from gainful employment. . . . [A]n impairment is to be found not severe only if it has such a minimal effect on the individual's ability to do basic work activities that it would not be expected to interfere with his ability to do most work.") (citations and internal quotation marks omitted).  Therefore, the administrative law judge's Step 2 finding, insofar as it concerns the plaintiff's mental impairments, cannot be discerned to be supported by substantial evidence, necessitating reversal and remand.

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be *VACATED* and the case *REMANDED* for further proceedings consistent herewith.

## NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of December, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge